Dear Dr. Carter and Mr. Castille:
This office is in receipt of your requests for an opinion of the Attorney General with regard to the position of Executive Director of the Louisiana Cancer and Lung Trust Fund Board. Your questions are if the position can be appointed by the Board, and is the position an unclassified position or a classified position in civil service.
By Act 825 of 1980 (R.S. 40:1299.88) the Louisiana Cancer and Lung Trust Fund and Board was created within the Department of Health and Human Resources. In accordance with R.S. 36:259(I) the Board is placed within the Department of Health and Hospitals, and "shall exercise and perform their powers, duties, functions, and responsibilities in the manner provided for agencies transferred in accordance with the provisions of R.S.36:802".
R.S. 36:802 is entitled "Transfer; retention of policy making and rule making functions". While the statute refers to certain specific agency transfers, it is provided the agencies transferred shall continue to be composed and selected as provided by law, and exercise all of the powers, duties, functions, and responsibilities provided or authorized for each by the constitution or laws which are in the nature of policy making, rule making, licensing, regulation, enforcement, or adjudication and also shall continue to exercise all advisory powers, duties, functions, and responsibilities provided by law. However, it is further provided the secretary of the department to which each is transferred shall exercise the power necessary for the administration of the policies of the agencies, "including the employing, appointing, removing, and promoting of necessary personnel".
This office in Atty. Gen. Op. No. 78-820 considered the provision of transfer along with Article X, Section 2 of the Louisiana Constitution of 1974. The constitutional article sets forth that the unclassified civil service will include members of state boards, and "one person holding a confidential position and one principal assistant or deputy to any * * * board". It was concluded the constitutional provision was to allow each state board to have two persons in the unclassified service after the mandated reorganization was enacted. The centralization of the power to hire and fire employees within the executive branch authorized by Section 802 of the Executive Reorganization Act has no effect on whether these two persons are in the unclassified service. It was stated, "The ultimate power to hire them, fire them, or assign them to the Board does not effect the constitutional definition of the unclassified service."
This opinion clearly indicates that the appointing power is not with the Board. After the reorganization under R.S. 36:802 the secretary of the department is given the power of appointing necessary personnel, but any executive director who is appointed would remain an unclassified position by the constitution.
R.S. 36:802.3 makes an exception for certain agencies to appoint its own director and assistant director, but does not include the Board in question. Thus, it would be necessary for the Board to be included within that provision to allow them to make the appointment rather than the Department of Health and Hospitals.
Therefore, we do not find that the Board has the power to appoint an executive director. However, while the appointment is within the power of the Secretary of the Department of Health and Hospitals, we do not find that the position is to be classified civil service.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0402f